# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAMELA GELLER,<br><br>    Plaintiff,<br><br>  -v.-<br><br>ANDREW CUOMO, in his official capacity as Governor of the State of New York; BILL DE BLASIO, individually and in his official capacity as Mayor, City of New York, New York; and DERMOT SHEA, individually and in his official capacity as the Police Commissioner, City of New York, New York,<br><br>    Defendants. | Case No. 20-3566<br><br>Honorable Edgardo Ramos |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES .......................................................................................ii-iii

ARGUMENT IN REPLY ................................................................................................4

    I.      Collateral Estoppel Does Not Apply in this Case .............................................6

    II.     The Challenged Restriction Violates the First and Fourteenth Amendments......8

    III.    The Public Interest Favors Protecting Constitutional Rights...............................9

CERTIFICATE OF SERVICE ......................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Am. Freedom Def. Initiative v. Metro. Transp. Auth.*,
 880 F. Supp. 2d 456 (S.D.N.Y. 2012)...........................................................................8

*Arista Records, LLC v. Vita Tkach*,
 122 F. Supp. 3d 32 (S.D.N.Y. 2015)......................................................................... 5-6

*Carey v. Brown*,
 447 U.S. 455 (1980)..................................................................................................9, 10

*Church of Lukumi Babalu Aye v. City of Hialeah*,
 508 U.S. 520 (1993)........................................................................................................10

*Coronel v. Decker*,
 No. 20-cv-2472 (AJN), 2020 U.S. Dist. LEXIS 53954 (S.D.N.Y. Mar. 27, 2020).................10

*Dayton Area Visually Impaired Persons, Inc. v. Fisher*,
 70 F.3d 1474 (6th Cir. 1995) ........................................................................................10

*Fernandez v. Zoni Language Ctrs., Inc.*,
 No. 15-cv-6066 (PKC), 2016 U.S. Dist. LEXIS 65310 (S.D.N.Y. May 18, 2016)...................2

*Fletcher v. Atex, Inc.*,
 68 F.3d 1451 (2d Cir. 1995)..............................................................................................5

*Geller v. De Blasio*,
 No. 20cv3566 (DLC), 2020 U.S. Dist. LEXIS 87405 (S.D.N.Y. May 18, 2020) .................2, 3

*Gordon v. Holder,*
 721 F.3d 638 (D.C. Cir. 2013) ......................................................................................10

*Haitian Ctrs. Council v. McNary*,
 969 F.2d 1350 (2d Cir. 1992)..........................................................................................6

*Holder v. City of Allentown*,
 987 F.2d 188 (3d Cir. 1993).............................................................................................4

*Holder v. Humanitarian Law Project*,
 561 U.S. 1 (2010)..............................................................................................................7

*Hurley v. Irish-Am. Gay, Lesbian & Bisexual Group of Bos.*,
 515 U.S. 557 (1995)..........................................................................................................2

*Jacoby & Meyers, LLP v. Presiding Justices*,
    852 F.3d 178 (2d Cir. 2017) ...................................................................................7

*Milavetz, Gallop & Milavetz, P. A. v. United States*,
    559 U.S. 229 (2010) ..............................................................................................7

*Mitchell v. Cuomo*,
    748 F.2d 804 (2d Cir. 1984) ................................................................................10

*Montana v. United States*,
    440 U.S. 147 (1979) ..............................................................................................6

*Police Dep't of the City of Chic. v. Mosley*,
    408 U.S. 92 (1972) ............................................................................................ 8-9

*Sajous v. Decker*,
    No. 18-cv-2447 (AJN), 2018 U.S. Dist. LEXIS 86921 (S.D.N.Y. May 23, 2018) ............. 9-10

*Soos v. Cuomo*,
    No. 1:20-cv-651 (GLS/DJS), 2020 U.S. Dist. LEXIS 111808 (N.D.N.Y. June 26, 2020) ...1, 5

*Steffel v. Thompson*,
    415 U.S. 452 (1974) ..........................................................................................6, 7

*Stone v. Williams*,
    970 F.2d 1043 (2d Cir. 1992) ................................................................................6

*United States v. Alcan Aluminum Corp.*,
    990 F.2d 711 (2d Cir. 1993) ..................................................................................6

**Rules**

Fed. R. Evid. 201 ...............................................................................................................1

**Other**

https://www.ca2.uscourts.gov/decisions/isysquery/88e5d346-2127-40c0-a07e-a88be0f28dc8/41-50/list/ ....................................................................................................................3

Defendants apparently believe, borrowing a line from a famous *Who* song, that this Court is "deaf, dumb, and blind." Indeed, we can see with our own eyes the gross and disparate enforcement of the "non-essential gatherings" restriction at issue here. The politically-favored message of Black Lives Matter ("BLM") is permitted to be expressed loud and clear in the City streets of New York through mass protests (protests in which Defendants themselves publicly endorsed and at times participated in), but others, including Plaintiff's planned protests, are banned. We know it. The public knows it. Defendants know it (but pretend otherwise). The *Soos* court knows it.[1] But most important, this Court knows it.

And if we need a very recent event (July 9, 2020) as a reminder, the below picture of Defendant de Blasio "gathering" with an excessive number (more than 25) of individuals on the public streets of New York City (no social distancing) to paint a "Black Lives Matter" mural in front of Trump Tower (the location was not an accident) illustrates the point in spades:



(Yerushalmi Decl. ¶ 15, Ex. A, attached hereto as Ex. 1).[2]

---

[1] *See Soos v. Cuomo*, No. 1:20-cv-651 (GLS/DJS), 2020 U.S. Dist. LEXIS 111808, at *10, 13-14 (N.D.N.Y. June 26, 2020) (noting, *inter alia*, "Mass race-related protests have erupted across the nation, including in the State of New York, in response to the death of African-American George Floyd on May 25, 2020. . . . Protesters, sometimes in groups of thousands, have taken to the streets of New York City" and "that On June 4, 2020, Mayor de Blasio, without a mask, attended and addressed a political gathering, held in memory of George Floyd. . . . Neither the ten-person limit on outdoor gatherings, nor the social distancing protocols, were adhered to.").

[2] The Court can take judicial notice of these adjudicative facts. *See* Fed. R. Evid. 201; *see also*

Defendants' entire argument is based on a false reality. Facts matter. And this is particularly true in cases advancing free speech claims (such as this case) "because the reaches of the First Amendment are ultimately defined by the facts it is held to embrace." *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Group of Bos.*, 515 U.S. 557, 567 (1995). Defendants want to avoid this inconvenient truth because the facts are fatal to their defense.

From the outset, at a news conference on May 4, 2020, we learned from Defendants de Blasio and Shea that the prohibited "non-essential gatherings" included public protests protected by the First Amendment. In fact, the issue arose at the press conference because City police officers had just recently *threatened to arrest and issue summonses* to violators of the challenged restriction (a restriction which has morphed from 1 to 10 to now 25 individuals in New York City). (*See* Geller Decl. ¶¶ 30, 31 [Doc. No. 17]).

In other words, this public announcement and the actions of the New York City police department made it clear that the restriction on "non-essential gatherings" *applied* to public protests protected by the First Amendment. This realization prompted Plaintiff Geller's first lawsuit. (Geller Decl. ¶¶ 47-51 [Doc. No. 17]); *see Geller v. De Blasio*, No. 20cv3566 (DLC), 2020 U.S. Dist. LEXIS 87405 (S.D.N.Y. May 18, 2020) ("*Geller I*"). Defendants de Blasio and Shea vigorously defended the restriction on Plaintiff's right to free speech and to peaceably assemble, arguing that public safety justified the restriction on Plaintiff's fundamental liberties. Judge Cote, the presiding district court judge, agreed, and denied Plaintiff's request for injunctive relief. In doing so, Judge Cote noted that "[w]hile a measure restricting *all public group activity* may not likely be found narrowly tailored in ordinary times, these times are extraordinary." *Id*. at *10-11 (emphasis added). Notably, Defendants de Blasio and Shea didn't seek dismissal of the

---

*Fernandez v. Zoni Language Ctrs., Inc.*, No. 15-cv-6066 (PKC), 2016 U.S. Dist. LEXIS 65310, at *8 (S.D.N.Y. May 18, 2016) (taking judicial notice of information contained on websites where the authenticity of the site has not been questioned).

lawsuit based on a claim that the challenged restriction did not apply to Plaintiff's proposed public protests. And Judge Cote did not rule based on a claim that the restriction did not apply. *See id*. In sum, the facts at the time demonstrated that the challenge restriction prohibited "all public group activity," specifically including Plaintiff's First Amendment activity. There was no BLM/George Floyd protest exception at the time.

While *Geller I* was on appeal, however, the facts on the ground changed dramatically. We all know this. The Second Circuit plainly understood this and suggested the very action Plaintiff is taking here (filing a new action with the new facts—those facts being the BLM/George Floyd protest exception). In its order denying Plaintiff's request for an emergency injunction pending appeal, the Second Circuit stated that its order "is without prejudice to renewal in the event that Appellant amends her complaint and/***or*** seeks appropriate relief in the district court in light of facts and arguments articulated for the first time during oral argument." (*See* Compl. ¶ 67) (emphasis added). The "facts and arguments" referred to by the Second Circuit are those presented here: Defendants' disparate and, indeed, content- and viewpoint-based enforcement of the restriction on public protests.[3]

Defendant Cuomo seeks to avoid the facts by framing this challenge as merely a "facial" challenge and then claiming that Plaintiff is collaterally estopped from making her case. He is wrong. From the beginning (in *Geller I* and now), Defendants have strenuously argued that the restriction prohibits Plaintiff's proposed free speech activity (that is, it applies to prohibit Plaintiff's public protests). (*See, e.g.,* Cuomo Opp'n at 3 [claiming that the public health crisis

---

[3] *See* June 2, 2020 audio transcript of oral argument, available at https://www.ca2.uscourts.gov/decisions/isysquery/88e5d346-2127-40c0-a07e-a88be0f28dc8/41-50/list/ (raising issue regarding current BLM protests with Plaintiff's counsel at 5:30, questioning counsel for Defendants de Blasio and Shea at 12:45 regarding these recent protests and the apparent, and quite obvious, discriminatory enforcement of the challenged restriction, and Defendants' counsel arguing at 13:30 that these are newly raised facts and thus not appropriate for the court to consider).

"outweighs the imposition temporarily imposed on the Plaintiff by not being able to mount in person protests in New York City that exceed 25 participants"] [Doc. No. 26]). <u>Defendants can't dispute that fact</u>.[4] This challenge is, and always has been, about Defendants' enforcement of the "non-essential gatherings" restriction to prohibit Plaintiff's planned political protests. In other words, the challenged restriction directly *applies* to Plaintiff's First Amendment activity. And Defendants completely ignore the inconvenient fact that the restriction operates as a prior restraint on Plaintiff's speech activity. Not a word from Defendants on this point.

Further, Defendant Cuomo's assertion of collateral estoppel is preposterous. The operative and material facts that existed under *Geller I* have significantly changed. Defendants know this. The Second Circuit expressly stated as such in its order denying the emergency relief requested in *Geller I*, as noted above. And this lawsuit was filed *because of* this significant and dispositive change in facts. Yet, Defendants argue as if this case exists in a parallel universe that is detached from reality. Frivolous comes to mind. Suffice to say, Defendants are wrong. The manner in which the challenged speech restriction is enforced (per Defendants' public admissions and the facts on the ground) is not only relevant, it is dispositive. *Holder v. City of Allentown*, 987 F.2d 188, 197 (3d Cir. 1993) ("[I]t has long been established that discriminatory enforcement of a statute or law by state and local officials is unconstitutional.").

**ARGUMENT IN REPLY**

Defendant Cuomo advances only three arguments in opposition. First, he argues that collateral estoppel bars Plaintiff's challenge. Second, he argues that Plaintiff has not demonstrated

---

[4] (*See also* Yerushalmi Decl. ¶¶ 4-11, attached hereto as Ex. 1 [citing prior arrests of protestors for violating the "non-essential gatherings" restriction and internal police memo making clear that Plaintiff's proposed protests violate this restriction, subjecting her to arrest]). Indeed, nowhere in the record (including in Defendant Cuomo's filings in opposition here) does any Defendant assert that Plaintiff's political protests are permitted or that Defendants would not enforce the public gathering restriction against Plaintiff.

a likelihood of success on her equal protection claim. And third, he argues that the balance of equities and the public interest prongs of the preliminary injunction analysis favor Defendants. (Cuomo Opp'n at 2-3 [summarizing arguments] [Doc. No. 26]). He is wrong on all three counts.

Defendants de Blasio and Shea didn't bother to file an opposition brief. Rather, Defendants' counsel simply filed a declaration in response (*see* Lulich Decl. [Doc. No. 25])—a declaration that fails to address the factual and legal arguments advanced in Plaintiff's motion and which appears to be a concession that the City's (and the Governor's) restriction on "non-essential" public gatherings cannot be enforced to restrict Plaintiff's protest activity (*i.e.*, the restriction cannot be *applied* to restrict peaceful public protests protected by the First Amendment), stating that Defendants de Blasio and Shea "have followed and will continue to follow the Decision and Order in *Rev. Steven Soos, et. al. v. Andrew M. Cuomo, et. al.*" and that "Defendants Mayor de Blasio and Commissioner Shea will also comply with any Order of this Court with respect to Plaintiff's proposed gatherings" (Lulich Decl. ¶¶ 9, 10 [Doc. No. 25]). In short, Defendants de Blasio and Shea have waived any opposition to Plaintiff's motion, which is significant because Defendants de Blasio and Shea are the principal enforcement agents of the restriction on "non-essential gatherings" in the City of New York.[5] *Arista Records, LLC v. Vita Tkach*, 122 F. Supp.

---

[5] Defendant Cuomo argues in his legal memorandum that he has not "played any role in deciding whether or how to enforce the COVID-19 Executive Orders vis-a-vis the BLM protests." (Cuomo Opp'n at 22 [Doc. No. 26]). First and foremost, this is not a factual proposition about evidence in the record. This is a self-serving argument proffered in a lawyer's memorandum. *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) (reiterating that "mere conclusory allegations or denials in legal memoranda or oral argument are not evidence") (internal quotation marks omitted). Second, the non-evidentiary proposition is wrong as a matter of fact. Defendant Cuomo has clearly stated his support for the BLM protests and his support for the non-enforcement of the executive orders against these protests in a joint statement with Defendant de Blasio that he posted on his official government website where he also posts his executive orders. And he has repeated this support time and time again. (*See, e.g.,* Geller Decl. ¶¶ 41-46 [Doc. No. 17]); Yerushalmi Decl. ¶¶ 13-16, attached hereto as Ex. 1). Defendant Cuomo is the Governor—the chief executive officer for the State. His words have meaning. Moreover, Defendants de Blasio and Shea, the latter of whom is the senior police officer in the City of New York and the primary enforcement official, state unequivocally that they are enforcing both the Mayor's **_and_** the Governor's executive orders on

3d 32, 38-39 (S.D.N.Y. 2015) (failing to oppose issues raised in a motion operates as a waiver).

I. **Collateral Estoppel Does Not Apply in this Case.**

Turning now to Defendant Cuomo's first argument regarding collateral estoppel. This argument is easily defeated. As stated by the Second Circuit, a "change in facts essential to a judgment renders collateral estoppel inapplicable." *Stone v. Williams*, 970 F.2d 1043, 1055 (2d Cir. 1992) (citing *Montana v. United States*, 440 U.S. 147, 159 (1979)); *United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 719 (2d Cir. 1993) ("There are exceptions to the use of collateral estoppel. For example, a court should decline to give preclusive effect to a prior judgment if there have been changes either in the applicable legal rules or the factual predicates essential to that prior judgment.") (citing *Haitian Ctrs. Council v. McNary*, 969 F.2d 1350, 1356 (2d Cir. 1992)).

Here, the essential facts have changed dramatically. It is this change of facts (recognized by the Second Circuit in *Geller I*) that compels a conclusion different from the one reached by Judge Cote.

Defendant Cuomo seeks to avoid this result by creating a straw man, arguing that this is simply a "facial" challenge and not an "as applied" challenge because Plaintiff has yet to be arrested or ticketed. He is wrong. It is well established that Plaintiff need not subject herself to arrest to advance a challenge to an executive order that she claims restricts *her right to engage in free speech*—which, as Defendants admit, the restriction at issue here does. As stated by the U.S. Supreme Court, "[I]t is not necessary that [Plaintiff] first expose [herself] to actual arrest or prosecution to be entitled to challenge a statute that [she] claims deters the exercise of [her] constitutional rights." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). This is precisely the situation presented here. Indeed, in *Steffel*, the petitioner challenged the constitutionality of a

---

"non-essential gatherings" precisely the way in which Plaintiff alleges here. (*See id.*; *see also* Yerushalmi Decl. ¶¶ 9, 11, Exs. E and G, attached hereto as Ex. 1). In sum, Defendant Cuomo's argument is both factually wrong and evidentiarily meaningless.

criminal trespass statute *as applied* to prevent him from distributing political handbills at a shopping center. *See id*. at 455-56. The Court didn't limit the challenge to a "facial" challenge to the trespass statute which, on its face, had nothing to do with First Amendment activity. Defendants' reliance on *Jacoby & Meyers, LLP v. Presiding Justices*, 852 F.3d 178, 184 (2d Cir. 2017), for the proposition that this Court can only review the challenged restriction on its face and in a vacuum (Cuomo Opp'n at 19-20 [Doc. No. 26]) is plainly wrong. *See, e.g., Holder v. Humanitarian Law Project*, 561 U.S. 1, 15-16 (2010) (holding expressly that the threat of arrest combined with the government's refusal to state for the record that the statute would not be enforced against plaintiffs were sufficient grounds for the Court to consider the as-applied, pre-enforcement First Amendment challenge to the statute); *Milavetz, Gallop & Milavetz, P. A. v. United States*, 559 U.S. 229, 234, 248–49 (2010) (considering an as-applied pre-enforcement challenge brought under the First Amendment). Here, there is no, non-frivolous dispute to the fact that Plaintiff is advancing a challenge to Defendants' restriction on "non-essential gatherings" as applied to prevent her from engaging in political protests in public forums through New York City. There is no question that this is a justiciable issue before this Court. As *Steffel, Holder,* and *Milavetz* make clear, Plaintiff need not wait to be arrested or prosecuted before advancing this as-applied challenge, particularly in light of the record before this Court—a record demonstrating that the "non-essential gatherings" restriction applies to prohibit Plaintiff's speech activity. Moreover, Plaintiff's claim that this restriction is being enforced in a manner that favors some protestors (BLM protests) over others (including her protests) is plainly before this Court as a matter of undisputed fact and law.[6] Such disparate treatment violates the First (freedom of speech) and

---

[6] Defendant Cuomo's assertion that "the Complaint contains no well-pleaded allegations from which the Court may reasonably infer the Governor has engaged in any selective enforcement of the COVID-19 Executive Orders in favor of BLM protests" (Cuomo Opp'n at 3 [Doc. No. 26]) is false and patently frivolous (*see* Compl. ¶¶ 48-72, 79, 80, 85 [Doc. No. 1]). Moreover and as noted earlier, Defendant Cuomo offers zero evidence in support of this naked, non-evidentiary assertion.

Fourteenth (equal protection) Amendments. (*See* Pl.'s Mem. at 14-23 [Doc. No. 18]). It's not even close. We turn now to Defendant Cuomo's equal protection argument.

## II. The Challenged Restriction Violates the First and Fourteenth Amendments.

Defendant Cuomo does not address the substance of Plaintiff's First Amendment claim. Instead, as noted above, he simply defers to Judge Cote's decision, which is now irrelevant in light of the changed circumstances (*i.e.*, the very reason that collateral estoppel does not apply).

Contrary to Defendant Cuomo's second argument, Plaintiff has made a clear showing that she should prevail on her equal protection claim, as well as her First Amendment challenge.[7] To begin, to make the argument that Plaintiff is somehow not similarly situated to the BLM protestors, Defendant Cuomo simply ignores entirely the undisputed facts setting forth that one group—the BLM protestors well in excess of 25 people—exercising their First Amendment rights on New York City streets were not only granted an exception to the challenged restriction but also shamelessly encouraged by Defendants. Plaintiff, on the other hand, along with other protestors not participating in the BLM protests, have been threatened with criminal sanctions and in some cases actually arrested. The only apparent difference between the "comparators" and Plaintiff is the message and, more particularly, Defendants' embrace of the BLM message.

As the Supreme Court has made clear, the unequal application of a law in the context of free speech based upon the content of that speech triggers strict scrutiny under the First *and* Fourteenth Amendments. Thus, in *Police Department of the City of Chicago v. Mosley*, 408 U.S. 92 (1972)—a case that Defendant Cuomo fails to cite, let alone distinguish—"[U]nder the Equal

---

[7] Defendant Cuomo argues that Plaintiff relies on an incorrect preliminary injunction standard. (Cuomo Opp'n at 11 n.3). He is wrong. (*See* Pl.'s Mem. at 13 [citing *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 880 F. Supp. 2d 456, 465 (S.D.N.Y. 2012), for the proposition that "a mandatory preliminary injunction requires a 'clear showing that the moving party is entitled to the relief requested'"] [Doc. No. 18]). Moreover, Plaintiff has made this "clear showing" as a matter of fact and law.

Protection Clause, not to mention the First Amendment itself, government may not grant the use of a forum to people whose views it finds acceptable, but deny use to those wishing to express less favored or more controversial views." *Id*. at 96; *Carey v. Brown*, 447 U.S. 455, 461-62 (1980) (discriminating among speech-related activities in a forum violates the Equal Protection Clause). Moreover, Defendants have offered no evidence whatsoever that the BLM protestors are in fact not comparators. Defendant Cuomo's entire argument is no more than a factually bankrupt plea asking this Court to imagine that there might have been a constitutionally valid basis under strict scrutiny to distinguish the BLM protestors from Plaintiff and her colleagues. No such basis exists.

As a second line of defense in the equal protection context, Defendant Cuomo argues (apparently with a straight face) that there is no evidence of selective enforcement, citing four news articles for the proposition that, since the news articles do not make mention of any arrests, no arrests must have occurred. (*See* Cuomo Opp'n at 20-24 [Doc. No. 26]). But these articles simply discuss other protests. They do not state whether or not there were any arrests, citations, or warnings issued to the protestors. They do not refute the fact that Defendant Cuomo endorsed, encouraged, and even participated in the BLM protests. Nor do they refute the fact that the challenged restriction prohibits Plaintiff's public protests. In short, these articles are meaningless and yet another example of the frivolous nature of Defendant Cuomo's opposition, especially in light of the fact that neither Defendant Cuomo nor any of his surrogates has bothered to submit an affidavit with countervailing facts. Indeed, additional enforcement exceptions only add to the selective enforcement challenge; they don't undermine it.

**III.   The Public Interest Favors Protecting Constitutional Rights.**

Defendant Cuomo's final argument (his "public interest" argument) is also wrong. The courts have uniformly held that the public interest favors protecting fundamental constitutional rights. *See, e.g., Sajous v. Decker*, No. 18-cv-2447 (AJN), 2018 U.S. Dist. LEXIS 86921, at *45

(S.D.N.Y. May 23, 2018) ("The public interest is best served by ensuring the constitutional rights of persons within the United States are upheld.") (citing *Mitchell v. Cuomo*, 748 F.2d 804, 808 (2d Cir. 1984)); *Coronel v. Decker*, No. 20-cv-2472 (AJN), 2020 U.S. Dist. LEXIS 53954, at *23 (S.D.N.Y. Mar. 27, 2020) (same); *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013) ("[E]nforcement of an unconstitutional law is always contrary to the public interest."); *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1490 (6th Cir. 1995) (same).

Defendant Cuomo argues that enjoining the challenged restriction "would threaten to reverse the significant gains New York has made over the past three months in flattening the curve, lowering the infection rate, and decreasing the number of new cases and deaths." (Cuomo Opp'n at 25 [Doc. No. 26]). Yet, these same concerns were ignored during the BLM protests. As noted by the U.S. Supreme Court, "If some groups are exempted from a prohibition on parades and pickets, the rationale for regulation is fatally impeached." *Carey v. Brown*, 447 U.S. 455, 465 n.9, (1980) (internal quotations and citation omitted); *see also Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 547 (1993) ("It is established in our strict scrutiny jurisprudence that a law cannot be regarded as protecting an interest 'of the highest order' . . . when it leaves appreciable damage to that supposedly vital interest unprohibited.") (internal quotations and citation omitted). Here, Defendant Cuomo's credibility on this issue is "fatally impeached." We have all observed (and continue to observe as evidenced by the photo of Defendant de Blasio and others "gathering" to paint a BLM mural in front of Trump Tower in New York City) the disparate enforcement of the challenged restriction—disparate enforcement that Defendant Cuomo publicly embraced. (*See* Geller Decl. at ¶¶ 41-43 [Doc. No. 17]). This Court is not "deaf, dumb and blind." Its decision here should favor Plaintiff. It's not even close.

Respectfully submitted,

AMERICAN FREEDOM LAW CENTER

*/s/ David Yerushalmi*
David Yerushalmi, Esq. (NY Bar No. 4632568; DC Bar No. 978179; Cal. Bar No. 132011; Ariz. Bar No. 0096)
383 Kingston Avenue
Suite 103
Brooklyn, New York 11213
Tel: (646) 262-0500; Fax: (801) 760-3901

Robert J. Muise, Esq.* (MI P62849)
PO Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756; Fax: (801) 760-3901
rmuise@americanfreedomlawcenter.org
* *Pro hac vice* admission pending

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: none.

AMERICAN FREEDOM LAW CENTER

*/s/ David Yerushalmi*
David Yerushalmi, Esq.